# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**September 18, 2014**

**RORY L. PERRY II, CLERK**

**SUPREME COURT OF APPEALS**

**OF WEST VIRGINIA**

**PILGRIM'S PRIDE CORPORATION
OF WEST VIRGINIA, INC.,
Employer Below, Petitioner**

**vs.)   No. 13-0552** (BOR Appeal No. 2047903)
                        (Claim No. 2011007807)

**LUIS CASADO MEJIA,
Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pilgrim's Pride Corporation of West Virginia, Inc., by Stephen Mathias, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated April 26, 2013, in which the Board affirmed a November 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 23, 2012, decision closing Mr. Mejia's claim for temporary total disability benefits, and granted temporary total disability benefits from August 16, 2010, through January 19, 2012. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mejia injured his right wrist in August of 2010 while working on the production line at Pilgrim's Pride Corporation, and the claim was held compensable for a right wrist sprain. On August 23, 2010, Lena Yeater, PA-C, indicated that Mr. Mejia should not return to work until he has been evaluated by an orthopedist for a possible ligament tear in the right wrist. On December 1, 2011, Lev Aminov, M.D., evaluated Mr. Mejia and opined that he is currently totally disabled as a result of the August of 2010 injury and requires an orthopedic consultation. On December

1

23, 2011, Joseph Elfenbein, M.D., an orthopedist, performed an independent medical evaluation and determined that Mr. Mejia has not reached maximum medical improvement, but concluded that he is capable of returning to work with the following restrictions: no repetitive use of the right hand, no grabbing, and a forty-pound lifting restriction for the right hand.

A right wrist MRI performed on January 6, 2012, revealed changes resulting from a contusion/avascular necrosis in the proximal scaphoid, widening of the scapholunate ligament, and findings concerning for a triangular fibrocartilage tear. On January 19, 2012, Dr. Aminov authored a letter stating that Mr. Mejia is currently temporarily and totally disabled as a result of the August of 2010 compensable injury. On January 30, 2012, D. Kelly Agnew, M.D., performed a records review and opined that the January 6, 2012, MRI reveals only degenerative changes which are unrelated to the compensable injury. On February 23, 2012, the claims administrator closed Mr. Mejia's claim for temporary total disability benefits.

In its Order reversing the claims administrator's February 23, 2012, decision, the Office of Judges held that the claim was improperly closed for temporary total disability benefits, and granted Mr. Mejia temporary total disability benefits from August 16, 2010, through January 19, 2012. Pilgrim's Pride Corporation disputes this finding and asserts that the evidence of record demonstrates that Mr. Mejia is not temporarily and totally disabled as a result of his compensable injury.

The Office of Judges found that Mr. Mejia's primary care provider indicated that he has been unable to work since August 16, 2010. The Office of Judges further found that the evidence of record indicates that Mr. Mejia remained temporarily and totally disabled as a result of the compensable injury through at least January 19, 2012. Additionally, the Office of Judges found that the evidentiary record contains diagnostic evidence confirming damage to the right wrist arising from the compensable injury. Finally, the Office of Judges noted that Dr. Elfenbein concluded that Mr. Mejia was capable of returning to work with restrictions, but found that Mr. Mejia testified in an August 28, 2012, deposition that jobs conforming to the necessary restrictions were not available to him. The Board of Review reached the same reasoned conclusions in its decision of April 26, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 18, 2014**

2

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II